IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **UNIVERSITY OF TENNESSEE RESEARCH FOUNDATION AND SAINT MATTHEW RESEARCH, LLC,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**HEWLETT PACKARD ENTERPRISE COMPANY AND HP ENTERPRISE SERVICES, LLC**<br><br>*Defendants.* | Civil Action No. 3:17-cv-00185-HSM-CCS<br><br>**JURY TRIAL DEMANDED** |

## JOINT RULE 26 CONFERENCE REPORT AND DISCOVERY PLAN

Plaintiffs University of Tennessee Research Foundation ("UTRF") and Saint Matthew Research, LLC ("SMR") (collectively, "Plaintiffs"), by and through counsel, and Defendant Hewlett Packard Enterprise Company[1] ("HPE" or "Defendants"), by and through counsel, hereby submit this joint report and proposed schedule in accordance with Federal Rule of Civil Procedure 26(f) and the Court's August 23, 2017 Order (Dkt. 22).

This case is one of seven cases filed by Plaintiffs in this Court. On May 2 and May 3, 2017, Plaintiffs filed seven cases that are currently pending before this Court: *Univ. of Tenn. Research Found., et al. v. Int'l Bus. Machs. Corp.*, No. 3:17-193-HSM-CCS; *Univ. of Tenn. Research Found., et al. v. Teradata Operations, Inc.*, No. 3:17-194-HSM-CCS; *Univ. of Tenn. Research Found., et al. v. Amazon.com, Inc., et al.*, No. 3:17-181-HSM-CCS; *Univ. of Tenn. Research Found., et al. v. Microsoft Corp.*, No. 3:17-184-HSM-CCS; *Univ. of Tenn. Research Found., et al. v. Hewlett Packard Enter. Co., et al.*, No. 3:17-185-HSM-CCS; *Univ. of Tenn. Research Found., et al. v. Oracle Am., Inc.*, No. 3:17-186-HSM-CCS; and *Univ. of Tenn. Research Found., et al. v. SAP Am., Inc., et al.*, No. 3:17-193-HSM-CCS (collectively, the "Eastern District Cases"). Each of these seven cases will separately present a number of unique questions of law and fact, but they will also present several overlapping questions of law and fact. In particular, issues of claim construction may overlap among all seven cases.

I. **DISCOVERY PLAN UNDER RULE 26(f)**
   A. **Initial Disclosures**

**[Plaintiffs' Position:]**

Plaintiffs propose that the initial disclosures required by Rule 26(a)(1) will be made on or before September 27, 2017.

**[Defendant's Position:]**

Defendant's propose that initial disclosures required by Rule 26(a)(1) will be made on or before 14 days after the filing of Defendant's answer.

---

[1] The parties have jointly moved to dismiss HP Enterprise Services, LLC from the case. Dkt. 24.

1

### B. Scope and Timing of Discovery

#### 1) Subjects and Phases of Discovery

HPE has moved to dismiss for improper venue and under Rule 12(b)(6). *See* Dkt. 27 ("HPE's Motion"). Plaintiffs have served discovery requests and deposition notices asking for discovery they contend is relevant to the venue issues in HPE's Motion. The parties propose the following schedule to negotiate and complete reasonably-tailored venue discovery and briefing on HPE's Motion:

Close of venue discovery: October 27, 2017

Deadline for Plaintiffs' opposition brief: November 10, 2017

Deadline for Defendants' reply: November 21, 2017

As discussed below, Plaintiffs and HPE have competing positions regarding when non-venue discovery should begin after that briefing is complete.

**[Plaintiffs' Position:]**

Discovery into Plaintiffs' patent infringement claims is open and should continue on all issues rather than Defendant's preferred ordering of issues. Defendant objects to proceeding with discovery on the merits of this case until the Court has ruled on its motion to dismiss for improper venue on the basis of efficiency. However, it is Defendant's proposal that the parties wait several months for venue discovery, briefing on its motion to dismiss, and this Court's order on Defendant's motion to dismiss before conducting the most basic of discovery in this case that is inefficient. As discussed in Plaintiffs' forthcoming opposition to Defendant's motion to dismiss, venue is proper in the Eastern District of Tennessee. However, even if the Court should disagree and find this District an improper venue, this case would proceed to the merits in another District. Merits discovery relating to infringement of the asserted patents, the validity of the asserted patents, a damages analysis, and the proper construction of the claim terms of the asserted patents will be the same regardless of venue. Defendant has failed to identify any

2

categories of discovery it contends can be avoided in the event this case was to move to another District. There is no reason to avoid discovery relating to Plaintiffs' claims because Defendant prefers that the Court address issues present in this case in Defendant's preferred order.

Discovery should proceed on the claims asserted in Plaintiffs' Complaint (Dkt. 1) and any defenses HPE asserts in any Answer filed in this action, including the following subjects: Defendant's alleged infringement of the asserted patents; Plaintiffs' claims for relief; the operation of Defendant's accused products; Defendant's knowledge of the asserted patents; Defendant's knowledge of its alleged infringement of the asserted patents; Defendant's efforts, if any, to avoid the alleged infringement; Defendant's actions in allegedly contributing to or inducing others' infringement of the asserted patents; sales and other financial information relating to Defendant's accused products; the identity of any alleged prior art to the asserted patents; the prosecution of the asserted patents; and the inventors' efforts and activities that led to the asserted patents.

**[Defendant's Position:]**

No non-venue discovery, *i.e.*, discovery into the merits of the parties' claims, should occur until after the Court has resolved HPE's Motion. If HPE's Motion is granted the case will be dismissed or transferred to another venue. The court in the proper venue should be permitted to implement its own discovery and claim construction procedures, starting from a clean slate. For example, HPE and most of the defendants in the Eastern District Cases have identified the Northern District of California as a proper venue for this case—that district has its own rules for discovery and claim construction in patent cases. If the case is transferred there, those rules should apply. There is no reason to start merits discovery in this venue only to transfer it later to a different venue that may impose different procedures because the phasing discovery HPE proposes should not substantially delay this proceeding. Indeed, HPE has agreed to prioritize venue discovery and the parties have agreed to promptly complete their briefing so as not to delay a ruling on HPE's Motion. In addition, postponing non-venue discovery until resolution of

3

HPE's pending motions will help keep the schedule here in synch with that of the other Eastern District Cases, where defendants have likewise moved to dismiss.

If the complaint is not dismissed and HPE files an answer to Plaintiffs' complaint, HPE states that discovery may be needed on at least the following subjects:

- The accused functionality in HPE's accused products;
- HPE's alleged infringement of the asserted patents;
- Plaintiffs' knowledge of HPE's accused products prior to filing this lawsuit;
- Plaintiffs failure to notify HPE of any alleged infringement of the asserted patents prior to filing suit;
- Any pre-suit investigation by Plaintiffs of the basis for HPE's alleged infringement of the asserted patents;
- The non-infringement of the asserted patents;
- The invalidity of the asserted patents;
- The alleged conception and reduction to practice of the asserted patents;
- The prosecution of the asserted patents;
- The inventors' efforts and activities that led to the asserted patents;
- The inventors' disclosure of their efforts and activities that led to the asserted patents;
- Plaintiffs' effort to license, sell or otherwise monetize the asserted patents, as well as their patent licensing practices generally;
- Prior art to the asserted patents, including the named inventors' knowledge thereof; and
- The inventors' knowledge and/or use of the accused functionality in HPE's accused products, including the existence of that functionality in any HPE products preceding the filing of the asserted patents.

### 2) Proposed Schedule

The parties disagree on a proposed litigation schedule to govern the timing of discovery in this matter.

**[Plaintiffs' Position:]**

Plaintiffs' proposed schedule is attached as Exhibit A.

**[Defendant's Position:]**

Because a ruling on HPE's Motion may moot any schedule that Court might enter and because the parties have agreed to a schedule that will govern venue discovery and briefing over the next few months, there is no need to enter a full case schedule at this time. Thus, HPE proposes that the Court enter the agreed schedule for venue discovery and briefing attached in Exhibit B. Once the Court rules on HPE's Motion, the parties will meet and confer and, if necessary, submit their proposal for a case schedule within 14 days of the Court's ruling.

HPE also disagrees with the dates proposed in Plaintiffs' Exhibit A. Plaintiffs' proposal does not allow sufficient time for discovery and litigation of the complex issues in this case. This is particularly so if the claim construction proceedings in this case are to be coordinated, at least to some extent, with those in the other Eastern District Cases. Managing the differences and coordinating on any overlap between these cases will be inherently complex. This is yet another reason why the full case schedule should not be entered until *after* the Court has ruled on the pending motions to dismiss. At that time, the parties in any cases that remain before this Court will be better positioned to coordinate with Plaintiffs on these issues.

### 3) Claim Construction and Patent Disclosures

If the event HPE's Motion is not granted and the case remains before this Court, both sides agree that Plaintiffs will serve infringement contentions a shortly after the start of discovery and that those contentions will: (a) identify the particular claims of each of the patents-in-suit that Plaintiffs assert; (b) identify, for each asserted claim, the particular products and services that Plaintiffs contend are infringed; and (c) include a chart identifying specifically where each element of each asserted claim is found within each accused product or service. Both sides also

agree that Defendants will serve invalidity contentions approximately 45 days after Plaintiffs have served their infringement contentions and that those contentions will identify, on a claim-by-claim basis, any grounds for invalidity under 35 U.S.C. §§ 102, 103 and 112.

In addition, the parties request that the Court set a date for a Claim Construction Hearing, along with dates for exchanging proposed terms, proposed constructions and a joint claim construction statement followed by claim construction briefing. The parties have competing positions regarding whether and to what extent that claim construction hearing should be consolidated with that in the Eastern District Cases.

**[Plaintiffs' Position:]**

In the interest of judicial efficiency and in light of the likely overlapping issues of fact and law, Plaintiffs request that Court hold a common Claim Construction Hearing for each of the Eastern District Cases.

**[Defendant's Position:]**

While the Eastern District Cases collectively involve the same five patents, Plaintiffs have asserted different sets of those patents and their claims against different defendants and against different, often entirely unrelated products. As a result, the extent to which issues of fact and law overlap between the Eastern District Cases is not clear at present. While it may be possible to consolidate the hearing to the extent the issues truly overlap between the cases, full consolidation of that proceeding may not be possible and, in any event, each defendant must be allowed sufficient time and opportunity to present its position on those claim limitations most relevant to the allegations against them. Rather than deciding to consolidate the proceeding before these issues have had a chance to crystallize, HPE proposes that the parties meet and confer and submit a proposal regarding potential consolidation of the claim construction hearing with their joint claim construction statement. By that time, the parties will have identified the claim terms in dispute and their competing claim constructions, which will allow more fulsome discussion of this issue.

## C. Disclosure or Discovery of Electronically Stored Information

The parties have discussed the need to preserve electronically stored information ("ESI") and have alerted those persons identified, based on the allegations to date, as most likely to have relevant information of the need to preserve it. The discovery of ESI shall proceed in accordance with the Federal Rules of Civil Procedure, thus "[a] party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Fed. R. Civ. Pro. 26(a)(2)(B). All ESI shall be produced in single-page .TIFF format with appropriate load files, although such agreement is without prejudice to a party seeking native format documents and data in a follow-up request when reasonable. The producing party may also choose to produce in native format. All production pages shall be individually marked with sequential Bates numbers. In the event responsive ESI does not lend itself to .TIFF format production, the parties will meet and confer regarding possible native form production, with appropriate protections to be separately negotiated and mutually agreed upon in advance of such production.

If search terms are to be used for a source of ESI, the parties agree to make a good-faith effort to agree upon a reasonable list of search terms for the parties to use in searching for responsive ESI, including without limitation responsive emails.

E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures and a specific identification of the 8 most significant listed e-mail custodians in view of the pleaded claims and defenses. E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each requesting party shall limit its e-mail production requests to a total of 6 custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave.

Each requesting party shall limit its e-mail production requests to a total of ten search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such

7

as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. The parties reserve the right to stipulate to additional procedures to govern the discovery of ESI in this matter.

### D. Claims of Privilege or Protection of Trial-Preparation Materials

The parties have agreed to log documents withheld from discovery on the grounds that they are protected by one or more applicable privileges. The privilege log shall otherwise comply with the requirements of Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure. The parties agree that the privilege log need not include an identification of attorney-client or attorney work product protected materials or communications generated on or after the date of the filing of the original complaint in this action.

The parties have agreed that the inadvertent production of attorney-client privileged materials, work product privileged materials, or trial preparation materials shall not constitute a waiver of those protections in this or any other proceeding. In the event of the production of such protected information, the parties will follow the procedure set out in Rule 26(b)(5)(B).

### E. Limitations on Discovery

The parties agree that the discovery limitations set forth in the Federal Rules of Civil Procedure govern, except as stated herein:

1. Each party is entitled to take up to 70 hours of depositions of fact witnesses, including deposition taken pursuant to a notice under Federal Rule of Civil Procedure 30(b)(6), with each deposition at a minimum counting as 3 hours toward that hours limit. This 70 hour

8

Case 3:17-cv-00185-HSM-CCS   Document 29   Filed 09/13/17   Page 9 of 15   PageID #: 433

limit does not include expert witnesses. Each party is entitled to take one deposition of each testifying expert per report produced pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

2. Each party is limited to 30 requests for admission, excluding those used only to authenticate documents.

3. Plaintiffs will present the inventors employed by the University of Tennessee named on the patents-in-suit as party witnesses solely for the purposes of responding to discovery, meaning that Defendant need not subpoena them for documents or testimony. Rather, Plaintiffs will collect and produce documents from each of the inventors employed by the University of Tennessee named on the patents-in-suit and present them for deposition at an agreed upon time and place.

In addition to the above, each Party agrees to cooperate in good faith to coordinate discovery on issues overlapping among the Eastern District Cases, where possible, to efficiently and effectively conduct the prosecution or defense of the Eastern District Cases

### F. Other Orders Under Rule 26(c) or Rule 16(b) or (c)

1. The parties agree that a stipulated protective order addressing the discovery, treatment, and handling of confidential and proprietary information should be entered in this case. The parties agree to meet and confer to negotiate a stipulated protective order, and will file such an order within 45 days of the filing of this report. No discovery of confidential information will begin until a protective order is entered.

2. The parties agree that service may be made by electronic mail, with copies sent via electronic mail to all attorneys of record for the party served.

## II. SETTLEMENT

The parties agree to explore settlement, but the possibility for settlement is currently unknown.

## III. LENGTH OF TRIAL

9

The parties anticipate that trial in this matter is likely to require **[Plaintiffs Propose: 5 court days] [Defendant Proposes: 10 court days]**. The parties agree that the trial in this case will not be consolidated to any extent with the trial in any of the other Eastern District Cases.

Respectfully submitted, this 13th day of September, 2017.

 /s/  Daniel P. Hipskind_____
WAYNE A. RITCHIE II (BPR 013936)
JAMES R. STOVALL (BPR #032512)
RITCHIE, DILLARD, DAVIES
& JOHNSON, P.C.
606 West Main Avenue, Suite 300
P.O. Box 1126
Knoxville, Tennessee 37901-1126
(865) 637-0661
E-mail: war@rddjlaw.com
E-mail: jstovall@rddjlaw.com

OF COUNSEL:

Dorian S. Berger (CA SB No. 264424)
*Admitted pro hac vice*
Daniel P. Hipskind (CA SB No. 266763)
*Admitted pro hac vice*
Eric B. Hanson (CA SB No. 254570)
*Admitted pro hac vice*
BERGER & HIPSKIND LLP
1880 Century Park East, Ste. 815
Los Angeles, CA 95047
Telephone: 323-886-3430
Facsimile: 323-978-5508
E-mail: dsb@bergerhipskind.com
E-mail: dph@bergerhipskind.com
E-mail: ebh@bergerhipskind.com

*Attorneys for Plaintiffs University of Tennessee Research Foundation and Saint Matthew Research, LLC*

 /s/  Michael A. Valek_____
PAINE BICKERS LLP
Matthew J. Evans (BPR #017973)
Lindsey M. Collins (BPR #033426)
900 South Gay Street, Suite 2200
Knoxville, TN 37902-1821
Tel: (865) 525-0880
Fax: (865) 521-744

GIBSON, DUNN & CRUTCHER LLP
Mark N. Reiter (admitted pro hac vice)
mreiter@gibsondunn.com
Michael A. Valek (admitted pro hac vice)
mvalek@gibsondunn.com
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Tel: (214) 698-3100
Fax: (214) 571-2900

GIBSON, DUNN & CRUTCHER LLP
Neema Jalali (admitted pro hac vice)
njalali@gibsondunn.com
555 Mission Street
San Francisco, CA 94105-0921
Tel: (415) 393-8200
Fax: (415) 393-8306

*Attorneys for Defendant Hewlett Packard Enterprise Company.*

11

## EXHIBIT A – PLAINTIFFS' PROPOSED LITIGATION SCHEDULE

| Event | Deadline |
| --- | --- |
| Initial Disclosures Due | September 27, 2017 |
| Plaintiff's Disclosure of Infringement Contentions | October 11, 2017 |
| Defendant's Disclosure of Invalidity Contentions | November 22, 2017 |
| Exchange of Proposed Claim Terms for Construction | November 29, 2017 |
| Exchange of Preliminary Constructions and Identification of Extrinsic Evidence, Which Shall Include Identification of Any Experts Supporting Constructions | December 20, 2017 |
| Joint Claim Construction Statement | January 10, 2018 |
| Completion of Claim Construction Discovery | January 31, 2018 |
| Opening Claim Construction Brief | February 7, 2018 |
| Responsive Claim Construction Brief | March 7, 2018 |
| Claim Construction Hearing | TBD subject to the Court's calendar – the parties propose March 29, 2018 |
| Initial Expert Witness Disclosures on Issues for which a Party Bears Burden of Proof, and Joinder and Amendment Deadline | May 1, 2018 |
| Rebuttal Expert Witness Disclosures | May 29, 2018 |
| Service of Final Witness List | June 12, 2018 |
| Close of Discovery | July 10, 2018 |
| Dispositive Motions Deadline | August 7, 2018 |
| Pretrial Disclosures Deadline | October 9, 2018 |
| Deadline to File Motions *in limine* | October 23, 2018 |
| Proposed Jury Instructions or Findings of Fact and Conclusions of Law | October 30, 2018 |
| Final Pretrial Conference | TBD subject to the Court's calendar – the parties propose November 5, 2018 |
| Trial | TBD subject to the Court's calendar – the parties propose November 27, 2018. |

## EXHIBIT B – DEFENDANT'S PROPOSED LITIGATION SCHEDULE

| Event | Deadline |
|---|---|
| Close of Venue Discovery | October 27, 2017 |
| Deadline for Plaintiffs' opposition brief to HPE's Motion | November 10, 2017 |
| Deadline for Defendant's reply | November 21, 2017 |
| Parties to submit joint proposal for case schedule (if HPE's Motion is denied) | 14 days after order on HPE's Motion |

# CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2017, a copy of the foregoing was filed electronically using the Court's ECF system, which will automatically send notice of this filing to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

/s/ Daniel P. Hipskind_____
Daniel P. Hipskind (CA SB No. 266763)
*Admitted pro hac vice*
BERGER & HIPSKIND LLP
1880 Century Park East, Ste. 815
Los Angeles, CA 95047
Telephone: 323-886-3430
Facsimile: 323-978-5508
E-mail: dph@bergerhipskind.com

*Attorneys for Plaintiffs University of Tennessee Research Foundation and Saint Matthew Research, LLC*